1   Justin Farahi (State Bar No. 298086)
2   Raymond M. Collins (State Bar No.
    199071)
3   FARAHI LAW FIRM, APC
    22760 Hawthorne Boulevard, Suite 230
4   Torrance, California 90505
    Telephone: (310) 774-4500
5   Fax: (424) 295-0557
    Email:
6       justin@farahilaw.com
        raymondfarahilaw@gmail.com
7

8   Attorneys for Plaintiff,
    BRIANNA QUINONEZ
9

10              UNITED STATES DISTRICT COURT

11      CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

12  BRIANNA QUINONEZ, on behalf of        CASE NO.:
    herself and all others similarly situated,
13
                                          CLASS ACTION COMPLAINT
14              Plaintiff,                 FOR:

15          vs.
                                          1. **Violation of the Unfair
16  PHARMACEUTICAL SPECIALTIES,              Competition Law (Cal. Bus. &
    INC., a foreign business corporation,     Prof. Code §§ 17200 *et seq.*);**
17                                        2. **Violation of False Advertising
                Defendant.                   Law (Cal. Bus. & Prof. Code
18                                           §§ 17500 *et seq.*);**
                                          3. **Violation of Consumers Legal
19                                           Remedy Act (Cal. Civ. Code §§
                                             1750 *et seq.*); and**
20                                        4. **Breach of Express Warranty**
21

22

23                                        **DEMAND FOR JURY TRIAL**

24

25      Plaintiff Brianna Quinonez ("Plaintiff") brings this action on behalf of

26  herself and all others similarly situated against Defendant PHARMACEUTICAL

27  SPECIALTIES, INC. COMPANY ("Pharmaceutical" or "Defendant") and states:

28  ──────────────────────────────────────────
                          1
    ──────────────────────────────────────────
                 CLASS ACTION COMPLAINT

## NATURE OF ACTION

1. Defendant distributes market and sells sunscreen products and some products with a SPF of 50+ ("Vanicream" or "Vanicream SPF 50+ Product").

2. The SPF value indicates the level of sunburn protection provided by the sunscreen product. All sunscreens must be tested according to a SPF test procedure. The test measures the amount of ultraviolet (UV) radiation it takes to cause sunburn when a person is using a sunscreen in comparison to how much UV exposure it takes to cause a sunburn when they do not use a sunscreen. The product is then labeled with the appropriate SPF value indicating the amount of sunburn protection provided by the product. Because SPF values are determined from a test that measures protection against sunburn caused by ultraviolet B (UVB) radiation, SPF values only indicate a sunscreen's UVB protection.

3. Consumers have become familiar with SPF values because SPF values have appeared on sunscreen product labels for many decades. Consumers have learned to associate higher SPF values with greater sun protection. Consumers reasonably assume that a product with a SPF of 50+ (like Vanicream SPF 50+ Sunscreen) provides more UVB protection than that of another sunscreen product with a SPF lower than 50. It does not. In fact, the Vanicream SPF 50+ product provides none of the protection that the labels on the containers claim to provide.

4. Defendant deception carried onto the Vanicream website in which Defendants claim, "Vanicream SPF 50+ Product is equipped with Board-Spectrum UVA and UVB protection" and their "sunburn prevention, decreases risk of skin cancer, and early skin aging caused by sun if used as directed".

5. Defendant was aware, or should have been aware, for years that Vanicream SPF 50+ sunscreen product does not contain the UV protection that the Defendant advertise, leading the Plaintiff and Class members to trust on a

2

1  product, which contains inaccurate and significantly inflated SPF number that
2  does not perform as advertised.

3          6. Defendant has employed numerous methods to convey its uniform,
4  deceptive UVB protection claims to consumers, including advertising inserts, the
5  internet and, importantly, on the Vanicream SPF 50+ products labels where they
6  cannot be missed by consumers. The stated SPF value is the most pertinent
7  information on a sunscreen label. The information on the labels of Vanicream
8  SPF 50+ are false and misleading, and have deceived the public.

9          7. The only reason a consumer would purchase a product from the
10 premium priced Vanicream SPF 50+ products instead of less expensive, lower
11 SPF value but otherwise comparable sunscreen products, including the
12 Vanicream products, is to obtain a sunscreen product with a proportionally
13 greater sunburn protection, which the Vanicream SPF 50+ products do not
14 provide. With notice and knowledge of its product misrepresentations or
15 omissions, Defendant has not offered to compensate its customer to remedy their
16 damages.

17         8. Plaintiff brings this action on behalf of herself and other similarly
18 situated consumers who have purchased the Vanicream SPF 50+ product to halt
19 the dissemination of this false, misleading and deceptive advertising message,
20 correct the false and misleading perception it has created in the minds of
21 consumers, and obtain redress for those who have purchased this product.

**PARTIES**

23         9. Plaintiff Brianna Quinonez resides in Lynwood, California. In or around
24 July 2016, Plaintiff was exposed to and saw Defendant's superior UVB
25 protection claims by reading the Vanicream SPF 50+ Sunscreen Lotion label. In
26 reliance on the superior UVB protection claim, Plaintiff purchased Vanicream
27 SPF 50+ Sunscreen Lotion at a Walgreens, near her home in the Los Angeles

28 _____ 3 _____

area of Lynwood, California. She paid approximately $19.99 for the product that would allow her and her cousins to run around outside and be protected from harmful UVB rays. The Vanicream SPF 50+ Sunscreen Lotion Plaintiff purchased did not provide proportionally greater sunburn protection as represented. As a result, Plaintiff suffered injury and lost money. Had Plaintiff known the truth about Defendants' misrepresentations and omissions, she would not have purchased Vanicream SPF 50+ Sunscreen Lotion.

10. Defendant Pharmaceutical is a foreign business corporation headquartered in Rochester, Minnesota. From its headquarters in Minnesota, Pharmaceutical manufactures, distributes, markets and/or sells the Vanicream SPF 50+ products to consumers nationwide and created the superior UVB protection claims, which it caused to be disseminated to consumers nationwide.

## JURISDICTION AND VENUE

11. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(d)(2)(A) because this case is a class action where the aggregate claims of all members of the proposed class are in excess of $5,000,000.00, exclusive of interest and costs, and Plaintiffs, together with most members of the proposed class, are citizens of states different from Defendant.  This Court also has supplemental jurisdiction over state law claims pursuant to 28 U.S.C. § 1367.

12. Pursuant to 28 U.S.C. § 1391, this Court is the proper venue for this action because a substantial part of the events, omissions, and acts giving rise to the claims herein occurred in this District.  Plaintiff is a citizen of California, resides in this District, and purchased a Vanicream SPF 50+ Product from Defendant in this District.  Additionally, Defendant distributed, advertised, and sold its product, which is the subject of the present complaint, in this District.

CLASS ACTION COMPLAINT

**FACTUAL ALLEGATIONS**

**The Vanicream SPF 50+ Products**

13. Defendant distribute, market, and sell a variety of products for the skin and face. This lawsuit concerns the Vanicream SPF 50+ product, a line of sunscreen products labeled with a SPF of 50+. The Vanicream SPF 50+ product is sold online and at a variety of third-party retailers including Walgreens, drugstore.com, eBay.com, Amazon.com, coolibar.com, CVS, Wal-Mart, Rite Aid, Shopko, Kerr Drug, DUANEreade, and Target. Vanicream SPF 50+ sunscreen can be purchased from the Vanicream website in a 4oz and 2oz lotion Tube "broad-spectrum UVA and UVB protection."

14. Since launching the Vanicream SPF 50+ products, Defendant has consistently conveyed the message to consumers throughout the United States, including California, that the Vanicream SPF 50+ products provide superior UVB protection compared to comparable lower SPF valued products, including the Vanicream SPF 50+ Products. They do  not. Defendant superior UVB protection claims are false, misleading and deceptive.

**Vanicream SPF 50+ Purchase by Plaintiff**

15. In July 2016, a 4oz. tube of Vanicream SPF 50+ sunscreen was purchased by Plaintiff. The following is the product purchased:

[Blank Space Left Intentionally]

5

CLASS ACTION COMPLAINT

1
2
3
4
5
6
7
8
9
10



**Fig.1 Front of Tube Detail**        **Fig.2 Back of Tube Detail**

11
12
13
14
15
16

16. As clearly illustrated by Figure 1, the tube indicates that the content it contains has UVA/UVB Protection in the form of sunscreen lotion with "Broad Spectrum SPF 50+". In addition, the front of the container also states that its content is "Dermatologist Recommended".

17. The back of the container states, "if used as directed with other sun protective measures decreases the risk of skin cancer and early skin aging caused by the sun"; however, the level of SPF the product tested for puts it just above the minimum level of SPF recommended. (see Fig. 2)

18. The purchase was conducted by Plaintiff, on the assumption that the product contained the advertised SPF level of protection. Plaintiff, under reasonable belief, decided to purchase the product. Had Plaintiff known the product did not contain the advertised SPF level, she would not have purchased the sunscreen.

19. Plaintiff sustained injury through her purchase of the Vanicream SPF 50+ sunscreen as she was deceived into purchasing a product based on the

6

Defendant claim that the product provided superior UVB protection compared to less expensive, lower SPF value.

**Consumer Report Research of Vanicream SPF 50+ Sunscreen**

20. A sunscreen's SPF value is calculated by comparing the time needed for a person to burn unprotected with how long it takes for that person to burn wearing sunscreen. So a person who turns red after 20 minutes of unprotected sun exposure is theoretically protected 15 times longer if they adequately apply SPF 15. Importantly, the SPF rating system is non-linear. Also importantly, scientific studies establish that sunscreen products with SPF values over 50 provide no additional clinical benefit to consumers. SPF 100 blocks 99 percent of UV rays, while SPF 50 blocks 98 percent, an immaterial difference that yields no clinical benefit to consumers.

21. Consumer Report have conducted an independent evaluation of SPF value in large amounts of sunscreens and concluded that 48% of the products tested fall below the
SPF level advertised.

22. The research conducted by Consumer Report in May, 2016 revealed that one of the sunscreens in the 20 percent that received a score of good, fair, or poor is Vanicream SPF 50+ which tested for SPF 17.

CLASS ACTION COMPLAINT

23. Defendant have not advised either Plaintiff or putative Class members that their sunscreen products do not contain the UV protection than Defendants otherwise advertised, allowing the Plaintiff and Class members to depend on the effectiveness of the product based upon a false and inflated SPF

24. Defendant partook in the above-described actionable statement, omissions and concealment that the representations were false and/or misleading, and with the intent that rely upon such concealment, suppression and omissions.

## CLASS DEFINITION AND ALLEGATIONS

25. This action is brought and may be properly maintained as a class action under the provisions of the Federal Rules of Civil Procedure Rule 23 (a)(1)-(4) and 23(b)(1), b(2) or (b)(3). This action satisfies the community of interest, numerosity, ascertainability, typicality, adequacy, superiority and common questions of law and fact requirements of those provisions.  It seeks certification of the following Class:

> All California consumers who purchased a product in  the Vanicream SPF 50+ product line, within the applicable statute of limitations, for personal  use  until  the  date  notice  is disseminated.
>
> Excluded from this Class are Defendants and its officers, directors and employees and those who purchased a Product in the Vanicream SPF 50+ product line for the purpose of resale.

26. ***Community of Interest***: There is a well-defined community of interest among members of the Class, and the disposition of the claims of these members of the Class in a single action will provide substantial benefits to all parties and to the Court.

27. ***Numerosity***. The members of the Class are so numerous that joinder of

8

all members of the Class is impracticable. Plaintiff is informed and believes that the proposed Class contains thousands of purchasers of the Vanicream SPF 50+ products who have been damaged by Defendant conduct as alleged herein. The precise number of Class members is unknown to Plaintiff.

28. *Ascertainability*: Names and addresses of members of the Class are available from Defendant's records. Notice can be provided to the members of the Class through direct mailing, publication, or otherwise using techniques and a form of notice similar to those customarily used in consumer class actions arising under California state law and federal law.

29. *Typicality*.  Plaintiff's claims are typical of the claims of the members of the Class because, *inter alia*, all Class members were injured through the uniform misconduct described above and were subject to Defendants' deceptive superior UVB protection claims that accompanied each and every product in the Vanicream SPF 50+ products. Plaintiff is advancing the same claims and legal theories on behalf of herself and all members of the Class.

30. *Adequacy:*  Plaintiff will fairly and adequately protect the interests of the members of the Class, Plaintiff has retained counsel experienced in complex consumer class action litigation, and Plaintiff intends to prosecute this action vigorously.  Plaintiff has no adverse or antagonistic interests to those of the Class.

31. *Superiority*: A class action is superior to all other available means for the fair and efficient adjudication of this controversy. The damages or other financial detriment suffered by individual Class members is relatively small compared to the burden and expense that would be entailed by individual litigation of their claims against Defendant. It would thus be virtually impossible for Plaintiff and Class members, on an individual basis, to obtain effective redress for the wrongs done to them. Furthermore, even if Class members could

1   afford such individualized litigation, the court system could not. Individualized
2   litigation would create the danger of inconsistent or contradictory judgments
3   arising from the same set of facts. Individualized litigation would also increase
4   the delay and expense to all parties and the court system from the issues raised
5   by this action. By contrast, the class action device provides the benefits of
6   adjudication of these issues in a single proceeding, economies of scale, and
7   comprehensive supervision by a single court, and presents no unusual
8   management difficulties under the circumstances here.

9       32. ***Existence and Predominance of Common Questions of Law and Fact.***
10  This action involves common questions of law and fact, which predominate over
11  any questions affecting individual Class members. These common legal and
12  factual questions include, but are not limited to, the following:

13      (a) whether the claims discussed above are true, or are misleading, or
14  objectively reasonably likely to deceive;

15      (b) whether Defendant alleged conduct violates public policy;

16      (c) whether the alleged conduct constitutes violations of the laws asserted;

17      (d) whether Defendant engaged in false or misleading advertising;

18      (e) whether Plaintiff and Class members have sustained monetary loss and
19  the proper measure of that loss; and

20      (f) whether Plaintiff and Class members are entitled to other appropriate
21  remedies, including corrective advertising and injunctive relief.

22      33. The Class also may be certified because Defendant has acted or refused
23  to act on grounds generally applicable to the Class thereby making appropriate
24  final declaratory and/or injunctive relief with respect to the members of the Class
25  as a whole.

26      34. Plaintiff seeks preliminary and permanent injunctive and equitable
27  relief on behalf of the entire Class, on grounds generally applicable to the

28

10

CLASS ACTION COMPLAINT

entire Class, to enjoin and prevent Defendant from engaging in the acts described, and requiring Defendant to provide full restitution to Plaintiff and Class members.

35. Unless a Class is certified, Defendant will retain monies received as a result of its conduct that was taken from Plaintiff and Class members. Unless a Class-wide injunction is issued, Defendant will continue to commit the violations alleged, and the members of the Class and the general public will continue to be misled.

## COUNT I
### Violation of Business & Professions Code §17200, *et seq.*

36. Plaintiff repeats and re-alleges the allegations contained in the paragraphs above, as if fully set forth herein.

37. Plaintiff brings this claim individually and on behalf of the Class.

38. As alleged herein, Plaintiff has suffered injury in fact and lost money or property as a result of Defendants' conduct because she purchased a product from the Vanicream SPF 50+ products in reliance on Defendants' UVB protection claims, but did not receive a product that provides superior UVB protection as compared to comparable lower valued SPF products, including the Vanicream products.

39. The Unfair Competition Law, Business & Professions Code §17200, et seq. ("UCL"), prohibits any "unlawful," "fraudulent" or "unfair" business act or practice and any false or misleading advertising. In the course of conducting business, Defendant committed unlawful business practices by, *inter alia*, making the UVB protection claims (which also constitutes advertising within the meaning of §17200 and omissions of material facts, as set forth more fully

11

herein, and violating Civil Code §§1572, 1573, 1709, 1711, 1770 and Business & Professions Code §§17200, et seq., 17500, et seq., and the common law.

40. As alleged herein, Plaintiff has suffered injury in fact and lost money or property as a result of Defendants' conduct because she purchased a product from the Vanicream SPF 50+ products in reliance on Defendant's UVB protection claims, but did not receive a product that provides superior UVB protection as compared to comparable lower valued SPF products, including the Vanicream products.

41. The UCL prohibits any "unlawful," "fraudulent "or "unfair" business act or practice and any false or misleading advertising. In the course of conducting business, Defendant committed unlawful business practices by, *inter alia*, making the UVB protection claims (which also constitutes advertising within the meaning of §17200 and omissions of material facts, as set forth more fully herein, and violating Civil Code §§1572, 1573, 1709, 1711, 1770 and Business & Professions Code §§17200, et seq., 17500, et seq., and the common law.

42. Plaintiff and the Class reserve the right to allege other violations of law, which constitute other unlawful business acts or practices. Such conduct is ongoing and continues to this date.

43. Defendant's actions also constitute "unfair" business acts or practices because, as alleged above, *inter alia*, Defendant engaged in false advertising, misrepresented and omitted material facts regarding the Vanicream SPF 50+ product, and thereby offended an established public policy, and engaged in immoral, unethical, oppressive, and unscrupulous activities that are substantially injurious to consumers.

44. As stated in this Complaint, Plaintiff alleges violations of consumer protection, unfair competition and truth in advertising laws in California,

12

resulting in harm to consumers. Defendant's acts and omissions also violate and offend the public policy against engaging in false and misleading advertising, unfair competition and deceptive conduct towards consumers. This conduct constitutes violations of the unfair prong of Business & Professions Code §17200, et seq.

45. There were reasonably available alternatives to further Defendant's legitimate business interests, other than the conduct described herein.

46. Business & Professions Code §17200, et seq. also prohibits any "fraudulent business act or practice."

47. Defendant's actions, claims, nondisclosures and misleading statements, as more fully set forth above, were also false, misleading and/or likely to deceive the consuming public within the meaning of Business & Professions Code §17200, et seq.

48. Plaintiff and other members of the Class have in fact been deceived as a
result of their reliance on Defendant's material representations and omissions, which are described above. This reliance has caused harm to Plaintiff and other members of the Class who each purchased a Product from the Vanicream SPF 50+ line. Plaintiff and the other Class members have suffered injury in fact and lost money as a result of these unlawful, unfair, and fraudulent practices.

49. As a result of its deception, Defendant has been able to reap unjust revenue and profit.

50. Unless restrained and enjoined, Defendant will continue to engage in the above-described conduct. Accordingly, injunctive relief is appropriate.

51. Plaintiff, on behalf of herself, all others similarly situated, and the general public, seeks restitution and disgorgement of all money obtained from

13

CLASS ACTION COMPLAINT

Plaintiff and the members of the Class collected as a result of unfair competition, an injunction prohibiting Defendant from continuing such practices, corrective advertising and all other relief this Court deems appropriate, consistent with Business & Professions Code §17203.

## COUNT II

### Violation of Business & Professions Code §17500, *et seq*.

52. Plaintiff repeats and re-alleges the allegations contained in the paragraphs above, as if fully set forth herein.

53. Plaintiff brings this claim individually and on behalf of the Class.

54. California Business and Professions Code section 17500 prohibits "unfair, deceptive, untrue or misleading advertising."

55. Defendant violated California Business and Professions Code section 17500 by, by advertising that the Vanicream SPF 50+ products provide superior UVB protection compared to comparable lower SPF valued products, including the Vanicream SPF 50+ products.

56. In fact, Defendant representation regarding the Vanicream SPF 50+ products were false. The Vanicream SPF 50+ products do not provide superior UVB protection as compared to comparable lower valued SPF products.

57. Defendant's deceptive practices were specifically designed to induce Plaintiff and members of the Class to purchase the Vanicream SPF 50+ products over those of their competitors.

58. Plaintiff and members of the Class would not have purchased and used the Vanicream SPF 50+ products had it not been for Defendant's misrepresentations and concealment of material facts.

59. The content of the advertisements, as alleged herein, were of a nature likely to deceive a reasonable consumer.

60. Defendant knew, or in the exercise of reasonable care, should have

14

1   known, that the representations were untrue or misleading and likely to deceive

2   reasonable consumers.

3        61.    Defendant misrepresentations and omissions alleged herein are

4   objectively material to the reasonable consumer, and reliance upon such

5   misrepresentations and omissions may therefore be presumed as a matter of law.

6   The materiality of such representations and omissions also establishes causation

7   between Defendant conduct and Plaintiff and the members of the Class' injuries.

8        62.    Unless restrained by this Court, Defendant will continue to engage in

9   misleading advertising, as alleged above, in violation of California Business and

10   Professions Code section 17500.

11        63.    As a result of the foregoing, Plaintiff and members of the Class have

12   been injured in fact and lost money or property, and they are entitled to

13   restitution and injunctive relief.

14                         **COUNT III**

15           **Violations of the Consumers Legal Remedies Act –**

16               **Civil Code §1750 *et seq.***

17        64. Plaintiff repeats and re-alleges the allegations contained in the

18   paragraphs above, as if fully set forth herein.

19        65. Plaintiff brings this claim individually and on behalf of the Class.

20        66. This cause of action is brought pursuant to the Consumers Legal

21   Remedies Act, California Civil Code §1750, et seq. (the "Act"). Plaintiff is a

22   "consumer" as defined by California Civil Code §1761(d). The products in the

23   Vanicream SPF 50+ line are "goods" within the meaning of the Act.

24        67. Defendant violated and continues to violate the Act by engaging in the

25   following practices proscribed by California Civil Code §1770(a) in transactions

26   with Plaintiff and the Class which were intended to result in, and did result in,

27   the sale of the Vanicream SPF 50+ line:

28

CLASS ACTION COMPLAINT

(5)    Representing that [the Products] have . . . approval, characteristics, . . .   uses [and] benefits . . . which [they do] not have . . ..

\*       \*       \*

(7)    Representing that [the Products] are of a particular standard, quality or grade . . . if [they are] of another.

\*       \*       \*

(9)        Advertising goods . . . with intent not to sell them as advertised.

\*       \*       \*

(16)   Representing that [the Products have] been supplied in accordance with a previous representation when [they have] not.

68. Defendant violated the Act by representing and failing to disclose material facts on the Vanicream SPF 50+ collection labeling and packaging and associated advertising, as described above, when they knew, or should have known, that the representations was false and misleading and that the omissions were of material facts they were obligated to disclose.

69. At this time, Plaintiff seeks only injunctive relief under this cause of action. Under section 1782 of the CLRA, Plaintiff will notify Defendant in writing of the particular violations of section 1770 of the CLRA and demand that Defendant rectify the problems associated with the behavior detailed above, which acts and practices are in violation of California Civil Code section 1770.

70.    If Defendant fail to respond adequately to Plaintiff s above-described demand within 30 days of Plaintiff s notice, under California Civil Code section 1 782(b), Plaintiff will amend the Complaint to request damages

16

CLASS ACTION COMPLAINT

1   and other relief permitted by California Civil Code section 1780.

2       71.   Plaintiff also has filed a Declaration of Venue in accordance with

3   Civil Code section 1780(d).

4       72.   Under Section 1782(d) of the CLRA, Plaintiff seeks an order

5   enjoining the act and practices described above, restitution of property, and any

6   other relief that the court deems proper.

7       73.   Defendant's conduct is malicious, fraudulent, and wanton, and

8   intentionally misleads and withholds material information from consumers in

9   order to increase the sale of the Vanicream SPF 50+ products.

10       74.   Defendant's misrepresentations and omissions were material

11   Plaintiff and members of the Class.  Plaintiff and members of the Class would

12   not have purchased and used the Vanicream SPF 50+ products had it not been

13   for Defendant's misrepresentations and concealment of material facts. Plaintiff

14   and members of the Class were damaged as a result of Defendants' material

15   misrepresentations and omissions.

16   **COUNT IV**

17   **Breach of Express Warranty**

18       75. Plaintiff repeats and re-alleges the allegations contained in the

19   paragraphs above, as if fully set forth herein.

20       76. Plaintiff brings this claim individually and on behalf of the Class.

21       77. The Uniform Commercial Code section 2-313 provides that an

22   affirmation of fact or promise, including a description of the goods, becomes

23   part of the basis of the bargain and creates an express warranty that the goods

24   shall conform to the promise and to the

25   description.

26       78. At all times, California and other states have codified and adopted the

27   provisions in the Uniform Commercial Code governing the express

28   ~~warranty of merchantability.~~

17

79. As discussed above, Defendants expressly warranted on each and every product label in the Vanicream SPF 50+ line that the products provide proportionally greater UVB protection than comparable, lower SPF valued products, including the Vanicream SPF 50+ products.  The superior UVB protection claims made by Defendants are affirmations of fact that became part of the basis of the bargain and created an express warranty that the goods would conform to the stated promise. Plaintiff placed importance on Defendants' representations.

80. All conditions precedent to Defendants' liability under this contract have been performed by, Plaintiff and the Class.

81. Defendant was provided notice of these issues by, inter *alia*, the instant Complaint.

82. Defendant breached the terms of this contract, including the express warranties, with Plaintiff and the Class by not providing a product that provides superior UVB protection as represented.

83. As a result of Defendants' breach of its contract, Plaintiff and the Class have been damaged in the amount for the price of the Products they purchased.

## PRAYER FOR RELIEF

Wherefore, Plaintiff prays for a judgment:

A.    Certifying the Class as requested herein;

B.    Awarding Plaintiff and the proposed Class member's damages;

C.    Awarding restitution and disgorgement of Defendants' revenues to Plaintiff the proposed Class members;

D.    Awarding injunctive relief as permitted by law or equity, including enjoining Defendants from continuing the unlawful practices as set forth herein, and require Defendants to

Identify, with Court supervision, victims of its conduct and pay the money they are required to pay;

18

CLASS ACTION COMPLAINT

1

2    E.    Ordering Defendant to engage in a corrective advertising
           campaign;

3    F.    Awarding attorneys' fees and costs; and

4    G.    Providing such further relief as may be just and proper.

5

6

7    Dated:      August 8, 2016                    FARAHI LAW FIRM, APC

8

9                                           By:

10                                                Justin Farahi
                                                  Raymond M. Collins

11

12                                          Justin Farahi (State Bar No. 298086)
                                            Raymond Collins (State Bar No.
13                                          199071)
                                            22760 Hawthorne Blvd., Ste. 230
14                                          Torrance, CA90505
                                            Telephone: (310 774-4500
15                                          Facsimile: (424) 295-0557
                                            E-Mail: justin@farahilaw.com
16                                          raymondfarahilaw@gmail.com

17
                                            *Attorneys for Plaintiff,*
18                                          *Brianna Quinonez*

19

20

21

22

23

24

25

26

27

28
                                   19
     ─────────────────────────────────────────────────
                     CLASS ACTION COMPLAINT

# Attachment to Complaint

1

## DEMAND FOR JURY TRIAL

2

Plaintiff hereby demands a trial of her claims by jury to the extent

3

authorized by law.

4

5

Dated:  August 8, 2016

FARAHI LAW FIRM, APC

6

7

By:

8

Justin Farahi
Raymond M. Collins

9

10

Justin Farahi (State Bar No. 298086)
Raymond Collins (State Bar No.
199071)
22760 Hawthorne Blvd., Ste. 230
Torrance, CA 90505
Telephone: (310 774-4500
Facsimile: (424) 295-0557
E-Mail: justin@farahilaw.com
raymondfarahilaw@gmail.com

11

12

13

14

15

*Attorneys for Plaintiff,*
*Brianna Quinonez*

16

17

18

19

20

21

22

23

24

25

26

27

28

20

CLASS ACTION COMPLAINT