1  JEFFREY L. RICHARDSON (SBN 167274)
      jlr@msk.com
2  GILBERT S. LEE (SBN 267247)
      gsl@msk.com
3  MITCHELL SILBERBERG & KNUPP LLP
   11377 West Olympic Boulevard
4  Los Angeles, CA  90064-1683
   Telephone: (310) 312-2000
5  Facsimile: (310) 312-3100

6  ANSIS V. VIKSNINS (*pro hac vice*)
      aviksnins@lindquist.com
7  LINDQUIST & VENNUM LLP
   2000 IDS Center, 80 S. 8th Street
8  Minneapolis, MN 55402
   Telephone: (612) 371-3249
9  Facsimile: (612) 371-3207

10  Attorneys for Defendant
    Pharmaceutical Specialties, Inc.

11

12              UNITED STATES DISTRICT COURT

13              CENTRAL DISTRICT OF CALIFORNIA

14  BRIANNA QUINONEZ, on behalf of        CASE NO. 2:16-cv-05966-BRO-AGRx
    herself and all others similarly situated,
15                                          **DISCOVERY MATTER**
                Plaintiff,
16                                          **ORDER APPROVING
         v.                                 STIPULATED PROTECTIVE
17                                          ORDER**
    PHARMACEUTICAL SPECIALTIES,
18  INC. a foreign business corporation,

19              Defendant.

20

21

22

23

24

25

26

27

Mitchell   28
Silberberg &
Knupp LLP

8684556.1
                   **ORDER APPROVING STIPULATED PROTECTIVE ORDER**

1    **ORDER APPROVING  STIPULATED**

2    **PROTECTIVE ORDER**

3

4    For good cause shown, the parties' Stipulated Protective Order is approved.

5

6    **IT IS SO ORDERED.**

7

8

9    DATED: MARCH 31, 2017        _____

10                                        The Hon. Alicia  G. Rosenberg
                                         United States District/Magistrate Judge

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Mitchell
Silberberg &
Knupp LLP

8684556.1

2

**ORDER APPROVING STIPULATED PROTECTIVE ORDER**

1   JEFFREY L. RICHARDSON (SBN 167274)
        jlr@msk.com
2   GILBERT S. LEE (SBN 267247)
        gsl@msk.com
3   MITCHELL SILBERBERG & KNUPP LLP
    11377 West Olympic Boulevard
4   Los Angeles, CA  90064-1683
    Telephone: (310) 312-2000
5   Facsimile: (310) 312-3100

6   ANSIS V. VIKSNINS (*pro hac vice*)
        aviksnins@lindquist.com
7   LINDQUIST & VENNUM LLP
    2000 IDS Center, 80 S. 8th Street
8   Minneapolis, MN 55402
    Telephone: (612) 371-3249
9   Facsimile: (612) 371-3207

10  Attorneys for Defendant
    Pharmaceutical Specialties, Inc.

11

12              UNITED STATES DISTRICT COURT

13             CENTRAL DISTRICT OF CALIFORNIA

14  BRIANNA QUINONEZ, on behalf of          CASE NO. 2:16-cv-05966-BRO-AGRx
    herself and all others similarly situated,
15                                          **<u>DISCOVERY MATTER</u>**
                 Plaintiff,
16                                          **STIPULATED PROTECTIVE
         v.                                 ORDER**
17
    PHARMACEUTICAL SPECIALTIES,
18  INC. a foreign business corporation,
19               Defendant.
20
21
22
23
24
25
26
27
28

Mitchell
Silberberg &
Knupp LLP

8568982.1

**[PROPOSED] STIPULATED PROTECTIVE ORDER**

1.    **A.   PURPOSES AND LIMITATIONS**

Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge, as set forth in Section 12.3, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

**B.  GOOD CAUSE STATEMENT**

This action is likely to involve trade secrets, customer and other sales information, and other valuable research, development, commercial, financial, technical and/or proprietary information for which special protection from public disclosure and from use for any purpose other than prosecution of this action is warranted. Such confidential and proprietary materials and information consist of, among other things, confidential business or financial information, information regarding confidential business practices, and other confidential research, development, or commercial information (including information implicating privacy rights of third parties), information otherwise generally unavailable to the public, or which may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law. Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the

1  parties are entitled to keep confidential, to ensure that the parties are permitted

2  reasonable necessary uses of such material in preparation for and in the conduct of

3  trial, to address their handling at the end of the litigation, and serve the ends of

4  justice, a protective order for such information is justified in this matter. It is the

5  intent of the parties that information will not be designated as confidential for

6  tactical reasons and that nothing be so designated without a good faith belief that it

7  has been maintained in a confidential, non-public manner, and there is good cause

8  why it should not be part of the public record of this case.

9  **2.     DEFINITIONS**

10       2.1     Action:  This pending federal lawsuit, *Brianna Quinonez v.*

11  *Pharmaceutical Specialties, Inc.*, No. 16-cv-05966

12       2.2     Challenging Party: a Party or Non-Party that challenges the

13  designation of information or items under this Order.

14       2.3     "CONFIDENTIAL" Information or Items: information (regardless of

15  how it is generated, stored or maintained) or tangible things that qualify for

16  protection under Federal Rule of Civil Procedure 26(c), and as specified above in

17  the Good Cause Statement.

18       2.4     Counsel: Outside Counsel of Record and House Counsel (as well as

19  their support staff).

20       2.5     Designating Party: a Party or Non-Party that designates information or

21  items that it produces in disclosures or in responses to discovery as

22  "CONFIDENTIAL."

23       2.6     Disclosure or Discovery Material: all items or information, regardless

24  of the medium or manner in which it is generated, stored, or maintained (including,

25  among other things, testimony, transcripts, and tangible things), that are produced

26  or generated in disclosures or responses to discovery in this matter.

27

28

Mitchell
Silberberg &
Knupp LLP

8568982.1

2

**[PROPOSED] STIPULATED PROTECTIVE ORDER**

2.7     Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Action.

2.8     House Counsel: attorneys who are employees of a party to this Action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.9     Non-Party: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.10    Outside Counsel of Record: attorneys who are not employees of a party to this Action but are retained to represent or advise a party to this Action and have appeared in this Action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party, and includes support staff.

2.11    Party: any party to this Action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.12    Producing Party: a Party or Non-Party that produces Disclosure or Discovery Material in this Action.

2.13    Professional Vendors: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.14    Protected Material: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL."

2.15    Receiving Party: a Party that receives Disclosure or Discovery Material from a Producing Party.

**3.     SCOPE**

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or

1   extracted from Protected Material; (2) all copies, excerpts, summaries, or

2   compilations of Protected Material; and (3) any testimony, conversations, or

3   presentations by Parties or their Counsel that might reveal Protected Material.

4        Any use of Protected Material at trial shall be governed by the orders of the

5   trial judge. This Order does not govern the use of Protected Material at trial.

6   **4.   DURATION**

7        Even after final disposition of this litigation, the confidentiality obligations

8   imposed by this Order shall remain in effect until a Designating Party agrees

9   otherwise in writing or a court order otherwise directs. Final disposition shall be

10  deemed to be the later of (1) dismissal of all claims and defenses in this Action,

11  with or without prejudice; and (2) final judgment herein after the completion and

12  exhaustion of all appeals, rehearings, remands, trials, or reviews of this Action,

13  including the time limits for filing any motions or applications for extension of

14  time pursuant to applicable law.

15  **5.   DESIGNATING PROTECTED MATERIAL**

16       5.1   <u>Exercise of Restraint and Care in Designating Material for Protection.</u>

17  Each Party or Non-Party that designates information or items for protection under

18  this Order must take care to limit any such designation to specific material that

19  qualifies under the appropriate standards. The Designating Party must designate for

20  protection only those parts of material, documents, items, or oral or written

21  communications that qualify so that other portions of the material, documents,

22  items, or communications for which protection is not warranted are not swept

23  unjustifiably within the ambit of this Order.

24       Mass, indiscriminate, or routinized designations are prohibited. Designations

25  that are shown to be clearly unjustified or that have been made for an improper

26  purpose (e.g., to unnecessarily encumber the case development process or to

27  impose unnecessary expenses and burdens on other parties) may expose the

28  Designating Party to sanctions.

Mitchell
Silberberg &
Knupp LLP

8568982.1

4

**[PROPOSED] STIPULATED PROTECTIVE ORDER**

1    If it comes to a Designating Party's attention that information or items that it

2    designated for protection do not qualify for protection, that Designating Party must

3    promptly notify all other Parties that it is withdrawing the inapplicable designation.

4    5.2    Manner and Timing of Designations. Except as otherwise provided in

5    this Order (see, e.g., second paragraph of section 5.2(a) below), or as otherwise

6    stipulated or ordered, Disclosure or Discovery Material that qualifies for protection

7    under this Order must be clearly so designated before the material is disclosed or

8    produced.

9    Designation in conformity with this Order requires:

10    (a)    for information in documentary form (e.g., paper or electronic

11    documents, but excluding transcripts of depositions or other pretrial or trial

12    proceedings), that the Producing Party affix at a minimum, the legend

13    "CONFIDENTIAL" (hereinafter "CONFIDENTIAL legend"), to each page that

14    contains protected material. If only a portion or portions of the material on a page

15    qualifies for protection, the Producing Party also must clearly identify the

16    protected portion(s) (e.g., by making appropriate markings in the margins).

17    A Party or Non-Party that makes original documents available for inspection

18    need not designate them for protection until after the inspecting Party has indicated

19    which documents it would like copied and produced. During the inspection and

20    before the designation, all of the material made available for inspection shall be

21    deemed "CONFIDENTIAL." After the inspecting Party has identified the

22    documents it wants copied and produced, the Producing Party must determine

23    which documents, or portions thereof, qualify for protection under this Order.

24    Then, before producing the specified documents, the Producing Party must affix

25    the "CONFIDENTIAL legend" to each page that contains Protected Material. If

26    only a portion or portions of the material on a page qualifies for protection, the

27    Producing Party also must clearly identify the protected portion(s) (e.g., by making

28    appropriate markings in the margins).

Mitchell
Silberberg &
Knupp LLP

8568982.1

5

**[PROPOSED] STIPULATED PROTECTIVE ORDER**

1            (b)    for testimony given in depositions that the Designating Party

2  identify the Disclosure or Discovery Material on the record, before the close of the

3  deposition all protected testimony.

4            (c)    for information produced in some form other than documentary

5  and for any other tangible items, that the Producing Party affix in a prominent

6  place on the exterior of the container or containers in which the information is

7  stored the legend "CONFIDENTIAL." If only a portion or portions of the

8  information warrants protection, the Producing Party, to the extent practicable,

9  shall identify the protected portion(s).

10       5.3    Inadvertent Failures to Designate. If timely corrected, an inadvertent

11  failure to designate qualified information or items does not, standing alone, waive

12  the Designating Party's right to secure protection under this Order for such

13  material. Upon timely correction of a designation, the Receiving Party must make

14  reasonable efforts to assure that the material is treated in accordance with the

15  provisions of this Order.

16  **6.**       **CHALLENGING CONFIDENTIALITY DESIGNATIONS**

17       6.1    Timing of Challenges.  Any Party or Non-Party may challenge a

18  designation of confidentiality at any time that is consistent with the Court's

19  Scheduling Order.

20       6.2    Meet and Confer.  The Challenging Party shall initiate the dispute

21  resolution process under Local Rule 37.1 et seq.

22       6.3    The burden of persuasion in any such challenge proceeding shall be

23  on the Designating Party. Frivolous challenges, and those made for an improper

24  purpose (e.g., to harass or impose unnecessary expenses and burdens on other

25  parties) may expose the Challenging Party to sanctions. Unless the Designating

26  Party has waived or withdrawn the confidentiality designation, all parties shall

27  continue to afford the material in question the level of protection to which it is

28

1  entitled under the Producing Party's designation until the Court rules on the

2  challenge.

3  **7.    ACCESS TO AND USE OF PROTECTED MATERIAL**

4       7.1    <u>Basic Principles.</u> A Receiving Party may use Protected Material that is

5  disclosed or produced by another Party or by a Non-Party in connection with this

6  Action only for prosecuting, defending, or attempting to settle this Action. Such

7  Protected Material may be disclosed only to the categories of persons and under

8  the conditions described in this Order. When the Action has been terminated, a

9  Receiving Party must comply with the provisions of section 13 below (FINAL

10 DISPOSITION).

11      Protected Material must be stored and maintained by a Receiving Party at a

12 location and in a secure manner that ensures that access is limited to the persons

13 authorized under this Order.

14      7.2    <u>Disclosure of "CONFIDENTIAL" Information or Items.</u> Unless

15 otherwise ordered by the court or permitted in writing by the Designating Party, a

16 Receiving Party may disclose any information or item designated

17 "CONFIDENTIAL" only to:

18          (a)    the Receiving Party's Outside Counsel of Record in this Action,

19 as well as employees of said Outside Counsel of Record to whom it is reasonably

20 necessary to disclose the information for this Action;

21          (b)    the officers, directors, and employees (including House

22 Counsel) of the Receiving Party to whom disclosure is reasonably necessary for

23 this Action;

24          (c)    Experts (as defined in this Order) of the Receiving Party to

25 whom disclosure is reasonably necessary for this Action, provided: (1) prior to

26 disclosure of "CONFIDENTIAL" Information or Items, the Expert has signed the

27 "Acknowledgment and Agreement to Be Bound" (Exhibit A); and (2) at least ten

28 business days prior to making such disclosure to an Expert, the person or Party

Mitchell
Silberberg &
Knupp LLP

8568982.1

7

**[PROPOSED] STIPULATED PROTECTIVE ORDER**

1  making such disclosure shall serve upon the Designating Party (i) a copy of the

2  agreement signed by the Expert; (ii) the identity of the Expert; and (iii) the identity

3  of the present employer of the Expert.  Any Party may object to a proposed

4  disclosure to an expert witness or consultant ("Proposed Disclosure") by sending a

5  letter within seven (7) business days after service of the signed agreement and

6  information set forth in this paragraph.  Thereafter, the Party seeking to make the

7  Proposed Disclosure may serve a Local Rule 37-1 letter stating the reasons why the

8  Party believes such Expert should receive "Confidential" Information or Items.  If

9  after the Local Rule 37-1 meet and confer conference, the Parties do not otherwise

10  resolve the dispute, counsel for the Party seeking to make the Proposed Disclosure

11  may comply with Local Rule 37-2 (joint stipulation) or file an *ex parte* application

12  to seek to allow the Proposed Disclosure.  The Party who objects to the Proposed

13  Disclosure shall have the burden of demonstrating that the documents, deposition

14  testimony or information should not be disclosed.  There shall be no disclosure to

15  such expert or consultant until the Court has ruled upon the application or motion,

16  and then only in accordance with the ruling so made.  The filing and pendency of

17  such motion shall not limit, delay or defer any disclosure of the "Confidential"

18  Information or Items to persons as to whom no such objection has been made, nor

19  shall it delay or defer any other pending discovery unless the motion and the

20  inability to disclose Confidential documents, deposition testimony and information

21  bear directly on the non-objecting Party's ability to conduct such discovery;

22          (d)     the court and its personnel;

23          (e)     court reporters and their staff;

24          (f)     professional jury or trial consultants, mock jurors, and

25  Professional Vendors to whom disclosure is reasonably necessary for this Action

26  and who have signed the "Acknowledgment and Agreement to Be Bound"

27  (Exhibit A);

28

Mitchell
Silberberg &
Knupp LLP

8568982.1

8

**[PROPOSED] STIPULATED PROTECTIVE ORDER**

1    (g)    the author or recipient of a document containing the

2  information or a custodian or other person who otherwise possessed or knew the

3  information;

4    (h)    during their depositions, witnesses, and attorneys for witnesses,

5  in the Action to whom disclosure is reasonably necessary provided: (1) the

6  deposing party requests that the witness sign the form attached as Exhibit A hereto;

7  and (2) they will not be permitted to keep any confidential information unless they

8  sign the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless

9  otherwise agreed by the Designating Party or ordered by the court. Pages of

10  transcribed deposition testimony or exhibits to depositions that reveal Protected

11  Material may be separately bound by the court reporter and may not be disclosed

12  to anyone except as permitted under this Stipulated Protective Order; and

13    (i)    any mediator or settlement officer, and their supporting

14  personnel, mutually agreed upon by any of the parties engaged in settlement

15  discussions.

16  **8.    PROTECTED MATERIAL SUBPOENAED OR ORDERED**

17  **PRODUCED IN OTHER LITIGATION**

18    If a Party is served with a subpoena or a court order issued in other litigation

19  that compels disclosure of any information or items designated in this Action as

20  "CONFIDENTIAL," that Party must:

21    (a)    promptly notify in writing the Designating Party. Such

22  notification shall include a copy of the subpoena or court order;

23    (b)    promptly notify in writing the party who caused the subpoena

24  or order to issue in the other litigation that some or all of the material covered by

25  the subpoena or order is subject to this Protective Order. Such notification shall

26  include a copy of this Stipulated Protective Order; and

27    (c)    cooperate with respect to all reasonable procedures sought to be

28  pursued by the Designating Party whose Protected Material may be affected.

Mitchell
Silberberg &
Knupp LLP

8568982.1

**[PROPOSED] STIPULATED PROTECTIVE ORDER**

1   If the Designating Party timely seeks a protective order, the Party served

2   with the subpoena or court order shall not produce any information designated in

3   this action as "CONFIDENTIAL" before a determination by the court from which

4   the subpoena or order issued, unless the Party has obtained the Designating Party's

5   permission. The Designating Party shall bear the burden and expense of seeking

6   protection in that court of its confidential material and nothing in these provisions

7   should be construed as authorizing or encouraging a Receiving Party in this Action

8   to disobey a lawful directive from another court.

9   **9.     A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE**

10  **PRODUCED IN THIS LITIGATION**

11        (a)     The terms of this Order are applicable to information produced

12  by a Non-Party in this Action and designated as "CONFIDENTIAL." Such

13  information produced by Non-Parties in connection with this litigation is protected

14  by the remedies and relief provided by this Order. Nothing in these provisions

15  should be construed as prohibiting a Non-Party from seeking additional

16  protections.

17        (b)     In the event that a Party is required, by a valid discovery

18  request, to produce a Non-Party's confidential information in its possession, and

19  the Party is subject to an agreement with the Non-Party not to produce the Non-

20  Party's confidential information, then the Party shall:

21              (1)     promptly notify in writing the Requesting Party and the

22  Non-Party that some or all of the information requested is subject to a

23  confidentiality agreement with a Non-Party;

24              (2)     promptly provide the Non-Party with a copy of the

25  Stipulated Protective Order in this Action, the relevant discovery request(s), and a

26  reasonably specific description of the information requested; and

27              (3)     make the information requested available for inspection

28  by the Non-Party, if requested.

Mitchell
Silberberg &
Knupp LLP

8568982.1

10

1          (c)     If the Non-Party fails to seek a protective order from this court

2  within 14 days of receiving the notice and accompanying information, the

3  Receiving Party may produce the Non-Party's confidential information responsive

4  to the discovery request. If the Non-Party timely seeks a protective order, the

5  Receiving Party shall not produce any information in its possession or control that

6  is subject to the confidentiality agreement with the Non-Party before a

7  determination by the court. Absent a court order to the contrary, the Non-Party

8  shall bear the burden and expense of seeking protection in this court of its

9  Protected Material.

10  **10.    UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

11        If a Receiving Party learns that, by inadvertence or otherwise, it has

12  disclosed Protected Material to any person or in any circumstance not authorized

13  under this Stipulated Protective Order, the Receiving Party must immediately

14  (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use

15  its best efforts to retrieve all unauthorized copies of the Protected Material,

16  (c) inform the person or persons to whom unauthorized disclosures were made of

17  all the terms of this Order, and (d) request such person or persons to execute the

18  "Acknowledgment and Agreement to Be Bound" that is attached hereto as

19  Exhibit A.

20  **11.    INADVERTENT PRODUCTION OF PRIVILEGED OR**

21  **OTHERWISE PROTECTED MATERIAL**

22        When a Producing Party gives notice to Receiving Parties that certain

23  inadvertently produced material is subject to a claim of privilege or other

24  protection, the obligations of the Receiving Parties are those set forth in Federal

25  Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify

26  whatever procedure may be established in an e-discovery order that provides for

27  production without prior privilege review. Pursuant to Federal Rule of Evidence

28  502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure

Mitchell
Silberberg &
Knupp LLP

8568982.1

11

1   of a communication or information covered by the attorney-client privilege or

2   work product protection, the parties may incorporate their agreement in the

3   stipulated protective order submitted to the court.

4   **12.    MISCELLANEOUS**

5       12.1   Right to Further Relief. Nothing in this Order abridges the right of any

6   person to seek its modification by the Court in the future.

7       12.2   Right to Assert Other Objections. By stipulating to the entry of this

8   Protective Order no Party waives any right it otherwise would have to object to

9   disclosing or producing any information or item on any ground not addressed in

10  this Stipulated Protective Order. Similarly, no Party waives any right to object on

11  any ground to use in evidence of any of the material covered by this Protective

12  Order.

13      12.3   Filing Protected Material. A Party that seeks to file under seal any

14  Protected Material must comply with Civil Local Rule 79-5. Protected Material

15  may only be filed under seal pursuant to a court order authorizing the sealing of the

16  specific Protected Material at issue. If a Party's request to file Protected Material

17  under seal is denied by the court, then the Receiving Party may file the information

18  in the public record unless otherwise instructed by the court.

19  **13.    FINAL DISPOSITION**

20      After the final disposition of this Action, as defined in paragraph 4, within

21  60 days of a written request by the Designating Party, each Receiving Party must

22  return all Protected Material to the Producing Party or destroy such material. As

23  used in this subdivision, "all Protected Material" includes all copies, abstracts,

24  compilations, summaries, and any other format reproducing or capturing any of the

25  Protected Material. Whether the Protected Material is returned or destroyed, the

26  Receiving Party must submit a written certification to the Producing Party (and, if

27  not the same person or entity, to the Designating Party) by the 60 day deadline that

28  (1) identifies (by category, where appropriate) all the Protected Material that was

Mitchell
Silberberg &
Knupp LLP

8568982.1

12

1 returned or destroyed and (2) affirms that the Receiving Party has not retained any

2 copies, abstracts, compilations, summaries or any other format reproducing or

3 capturing any of the Protected Material. Notwithstanding this provision, Counsel

4 are entitled to retain an archival copy of all pleadings, motion papers, trial,

5 deposition, and hearing transcripts, legal memoranda, correspondence, deposition

6 and trial exhibits, expert reports, attorney work product, and consultant and expert

7 work product, even if such materials contain Protected Material. Any such archival

8 copies that contain or constitute Protected Material remain subject to this

9 Protective Order as set forth in Section 4 (DURATION).

10 **14.**     Any violation of this Order may be punished by any and all appropriate

11 measures including, without limitation, contempt proceedings and/or monetary

12 sanctions.

13          IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

14

15 DATED: MARCH 20, 2017          JUSTIN FARAHI
                                RAYMOND M. COLLINS
16                               FARAHI LAW FIRM, APC

17

18

19                               By:   /s/ Raymond M. Collins
                                      Attorneys for Plaintiff
20                                     Brianna Quinonez

21

22

23

24

25

26

27

28

Mitchell
Silberberg &
Knupp LLP

8568982.1

**[PROPOSED] STIPULATED PROTECTIVE ORDER**

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Mitchell
Silberberg &
Knupp LLP

8568982.1

DATED: MARCH 9, 2017

JEFFREY L. RICHARDSON
GILBERT S. LEE
MITCHELL SILBERBERG & KNUPP LLP

ANSIS V. VIKSNINS
LINDQUIST & VENNUM LLP

By:   /s/ Jeffrey L. Richardson
      Jeffrey L. Richardson (SBN 167274)
      Gilbert S. Lee (SBN 267247)

      Ansis V. Viksnins (*pro hac vice*)
      Attorneys for Defendant
      Pharmaceutical Specialties, Inc.

1

**[PROPOSED] STIPULATED PROTECTIVE ORDER**

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Central District of California on [date] in the case of _____ [**insert formal name of the case and the number and initials assigned to it by the court**], I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action. I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____

Mitchell
Silberberg &
Knupp LLP

8568982.1

2

**[PROPOSED] STIPULATED PROTECTIVE ORDER**